THOMAS V. RYBURN #B60455,                )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        No. 10 C 7024
                                         )
DON HULICK, et al.,                      )
                                         )
                Defendants.              )

MEMORANDUM

This is one of two lawsuits that Stateville Correctional Center ("Stateville") inmate Thomas Ryburn ("Ryburn") filed on the same date, October 28, 2010.  Because Ryburn has not paid the filing fee, nor has the Clerk's Office treated him as having requested in forma pauperis status (but see n.3), this Court is not in a position to address his proposed lawsuit in substantive terms.  Instead this threshold memorandum is issued sua sponte to draw his attention to some obvious problems posed by his filing.

It appears that Ryburn's current Complaint, brought under 42 U.S.C. §1983 ("Section 1983"), stems from the dismissal by this Court's colleague Honorable Virginia Kendall of an earlier action brought against the Illinois Department of Corrections (Case No. 09 C 5733).  That lawsuit had mistakenly been labeled by Ryburn as a habeas corpus action, but Judge Kendall's October 2, 2009 minute order (1) held that he had chosen the wrong remedy and (2) directed the transmittal to Ryburn of copies of this District Court's form developed for use by persons in custody who are

suing pro se.

Inexplicably, however, Ryburn took more than a year to file the current Complaint--and as a result a great many of his allegations in Complaint ¶IV (the "Statement of Claim") are barred by the two-year statute of limitations applicable to Illinois-based Section 1983 actions.[1]  That means that if this action goes forward Ryburn should voluntarily dismiss every named defendant whose only activity about which he complains preceded October 20, 2008.[2]  In addition, Ryburn should be aware that claimed violations of the Illinois Administrative Code, to which he refers at numerous points in his Statement of Claim, are not directly actionable under Section 1983--it is only if such violations also implicate the violation of <u>federal</u> constitutional rights that they become relevant here.

This memorandum has not sought to be exhaustive, for it would be premature to engage in the in-depth screening called for by 28 U.S.C. §1915A.  Instead, unless Ryburn either pays the $350 filing fee or takes the necessary steps under 28 U.S.C. §1915 on

---

[1]  In substantial part Ryburn speaks of events in July, August and September of 2008, matters that (as the text reflects) are not currently actionable under Section 1983.

[2]  Although the Complaint was not received in the Clerk's Office until October 28, 2010, this Court assumes for the present that the October 20 date on which Ryburn signed the Complaint would be treated as the operative date of filing under the "mailbox rule" applicable to prisoners.

or before November 22, 2010,[3] this Court will be constrained to dismiss both the Complaint and this action without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 3, 2010

---

[3]  As to the second of those alternatives, this Court notes that Ryburn filed two Complaints on the same day but included only a single In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion").  If (as this Court would guess) it was his intention to have the latter filings do double duty, applicable to both cases, he did not so indicate--and the Clerk's Office stamped them with the number of the other case, 10 C 7025.  This Court's November 2 memorandum order ("Order") has dismissed that other action, rendering the Motion moot but requiring a further submission from Ryburn to satisfy his responsibilities as to the Application under 28 U.S.C. §1915.  If Ryburn wishes to have those filings of the Application and the Motion apply to this action as well, on or before the indicated November 22 date (1) he must so indicate by an appropriate filing and (2) he must, of course, provide the further submission called for by the Order as to the Application.