```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

THOMAS V. RYBURN #B60455,          )
                                   )
                Plaintiff,         )
                                   )
        v.                         )    No. 10C 7024
                                   )
DON HULICK, et al.,                )
                                   )
                Defendant.         )
```

<u>MEMORANDUM OPINION AND ORDER</u>

This is one of two lawsuits that Stateville Correctional Center ("Stateville") inmate Thomas Ryburn ("Ryburn) filed on the same date, October 28, 2010 -- the other action is <u>Ryburn v. Cannon</u>, Case No. 10 C 7025.  Although this Court thereafter dismissed this action because of what it understood to have been Ryburn's failure to comply with the directive in its November 3 memorandum, this Court has just learned that Ryburn had transmitted to the Clerk's Office (received there on November 22) an appropriate In Forma Pauperis Application ("Application"),[1] coupled with a printout reflecting the transactions in his trust fund account at Stateville for the six-month period made relevant by 28 U.S.C. § 1915(a)(2).[2]

---

[1]    Because Ryburn had tendered only the original of the Application and the accompanying printout, without including the Judge's Copy called for by this District Court's rules, that failure accounted for this Court's unawareness of the filing before now.

[2]    All further references to Title 28 provisions will simply take the form "Section ---."

This Court has thus been able to make the calculation called for by Section 1915(b)(1), and it has determined that Ryburn's average monthly deposits during the six-month period ended October 20, 2010[3] came to $62.49, 20% of which is $12.50. Accordingly the Application is granted to the extent that Ryburn need not pay the full $350 filing fee in advance, although he must pay the entire fee in future installments.[4]

Ryburn is therefore assessed an initial payment of $12.50, and the Stateville trust fund officer is ordered to collect that amount from Ryburn's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 S. Dearborn Street
> Chicago, IL 60604
>
> Attention: Fiscal Department

---

[3] That is the date of Ryburn's signature on the Complaint, and this Court treats if as the controlling date under the "mailbox rule."

[4] This may give Ryburn more than his due. This Court has just received from the District Court's prisoner correspondence office a list of Ryburn's "strikes" for purposes of Section 1915(g). That list reflects two strikes (both in the District Court for the Southern District of Illinois, in Case Nos. 00 CV 543 and 02 CV 351) as having preceded the two current lawsuits. If so, one of the two current case filings would have to be fully fee-paid up front (the entire $350) before it could be filed at all, unless Ryburn "is under imminent danger of serious physical injury." Because Ryburn's claim is understood to stem from an asserted disability, it is being assumed here (without so deciding) that he has not "struck out." If that issue needs to be reexamined hereafter, though, this Court would be prepared to do so.

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Ryburn's name and the 10 C 7024 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Stateville trust fund officer.

After such initial payment, the trust fund officer at Stateville (or at any other correctional facility where Ryburn may hereafter be confined) is authorized to collect monthly payments from Ryburn's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount so collected exceeds $10 until the full $350 filing fee is paid.

This opinion turns, then, to the substance of Ryburn's Complaint ¶IV (its Statement of Claim). Although Ryburn's overly-detailed narrative there recounts his grievances at length, it is substantially deficient in failing to supply the dates of many of the events to which he refers. What is clear, however, is that the dates that he does provide describe events in August and September 2008, so that any claims sought to be based on those events are barred by the two-year limitation period applicable to Illinois-based 42 U.S.C. ("Section 1983")

actions.[5]  And that in turn means that any of Ryburn's targeted defendants whose complained-of actions were solely within that earlier time frame must be dismissed from his lawsuit.

Another related point should be made.  To the extent that Ryburn pursued his administrative grievances into a period not barred by limitations -- that is, into the post-October 20, 2008 period -- the pursuit and consequent rejection of those grievances may be relevant to the requirement of 42 U.S.C. §1997e(a) that he must have exhausted all available administrative remedies before he could bring this lawsuit.[6]  But the denial of his efforts to obtain a different outcome on such administrative review is not itself actionable under Section 1983 unless _it_ violates a constitutional right.

It is not this Court's role to do Ryburn's work for him -- even less so in light of his numerous prior lawsuits that he lists in Complaint ¶ III (a history that appears to exhibit

---

[5]    It was back on October 2, 2009 that this Court's colleague Honorable Virginia Kendall dismissed Ryburn's then-pending petition for a writ of habeas corpus "without prejudice to petitioner filing his claims in a civil complaint under either 42 U.S.C. § 1983 or state law."  And even though Judge Kendall also directed the Clerk to forward a blank Section 1983 Complaint form to Ryburn, for some unexplained reason he waited more than a year before submitting the Complaints here and in Case No. 10 C 7025.

[6]    This opinion expresses no view as to whether that condition has been satisfied.  If this action were to proceed on the basis set out hereafter, that would be a matter for defendants to address.

4

substantial familiarity with the legal system).  Accordingly this

action remains dismissed for the present.  But if on or before

December 23, 2010 Ryburn tenders a proposed Amended Complaint

conforming to what has been said in this memorandum opinion and

order, this Court will treat it for limitations purposes as

having the same effective October 20, 2010 date and will consider

it on that basis.

_____
Milton I. Shadur
Senior United States District Judge

Date:     December 6, 2010