IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

THOMAS RYBURN,                )
                              )
        Plaintiff,             )
                              )
        v.                    )      No. 10 C 7024
                              )
HULICK, et. al.,              )
                              )
        Defendants.           )

                         MEMORANDUM ORDER

    Pro se Plaintiff Thomas Ryburn ("Ryburn") continues to act at cross-purposes with this Court. No criticism is in order, of course, just because a nonlawyer does not understand the intricacies that often complicate federal litigation -- but Ryburn, who has had substantial contact with the federal courts over the years, persists in charging this Court with bias for having done nothing more than the law requires. That mindset is again evident in his most recent "Rule 59(e) Motion To Alter or Amend Judgement [sic]."

    In fact this Court has been more than patient with Ryburn. It issued several memorandum orders pointing out perceived deficiencies in Ryburn's filings, with the December 6, 2010 memorandum opinion and order having stated this Court's willingness to permit Ryburn's action to go forward if he "tenders a proposed Amended Complaint conforming to what has been said in this memorandum opinion and order." What Ryburn has properly done instead is to point to our Court of Appeals'

opinion in Johnson v. Rivera, 272 F.3d 519, 521-22 (7th Cir. 2001), which has applied the Illinois tolling statute to temper the two-year time table applicable to Illinois-based 42 U.s.C. §1983[1] actions in cases where time has been spent in complying with the exhaustion-of-administrative-remedies requirement of Section 1997e(a). And that being so, this Court would be inclined to find Ryburn's original Complaint generally acceptable if no other difficulties were present.[2]

But that is not the case. Instead, because Ryburn could otherwise go forward in substantive terms, this Court is called upon to address the requirements of 28 U.S.C. § 1915(g) ("Section 1915(g)") that it prescinded in n. 4 of its December 6 opinion. According to information that has been provided by this District Court's prisoner pro se staff attorney's office, Ryburn has

---

[1] Further references to Title 42 provisions will simply take the form "Section ---."

[2] In light of what is said hereafter, this opinion can forgo addressing two other possible questions posed by the Complaint:

1. Ryburn's current motion attaches, as the Complaint did not, an August 6, 2010 grievance filed by Ryburn that was responded to by referring to Ryburn's then-scheduled appointment with Dr. Ghosh. Without more, it is not entirely clear whether Ryburn has complied fully with the exhaustion-of-administrative-remedies requirement.

2. Because of the disposition set out later in the text, no effort is made here to determine whether all of Ryburn's targeted defendants are properly chargeable with having violated his constitutional rights.

launched no fewer than nine federal lawsuits before he contemporaneously filed this action and Case No. 10 C 7025. Among those filings, two cases in the United States District Court for the Southern District of Illinois are listed as having been dismissed under circumstances that constituted "strikes" for purposes of Section 1915(g): Case Nos. 00 C 593 and 02 C 351. And with this Court having dismissed Case No. 10 C 7025 as having failed to advance any even arguable Section 1983 claim, Ryburn has accumulated his third strike.

Although Ryburn's claims advanced in this action are disability-related, they do not qualify under the Section 1915(g) exception that requires a plaintiff prisoner to be "under imminent danger of serious physical injury." That being so, this action must remain dismissed because Ryburn has not paid the full $350 filing fee as Section 1915(g) requires. Hence his current motion is denied.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date:    December 28, 2010

---

[3] In that respect, this Court declines Ryburn's invitation in his motion that this Court should appoint a "constitutional lawyer" to argue the claimed unconstitutionality of 28 U.S.C. § 1915.